STATE OF NEW HAMPSHIRE,
Appellee,

v.

Edward P. BENTLEY, Defendant,
Appellant.

No. 7217.

United States Court of Appeals
First Circuit.

Jan. 27, 1969.

Edward P. Bentley, pro se.

David H. Souter, Asst. Atty. Gen., with whom George S. Pappagianis, Atty. Gen., was on the brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

The defendant's ability under 28 U.S.C. § 1443 to remove to the federal court a state court prosecution for a claimed offense against state motor vehicle laws before he has been through the various steps of the state procedure is strictly a matter of what Congress has, or has not, provided by the statute and is not a constitutional right. We believe it clear that the defendant has no case within the statute he seeks to rely on, which involves a special exception and a very different sort of right. Georgia v. Rachel, 1966, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925.

While, unfortunately, the defendant's apparent misunderstanding of the law is such that we may not be able to satisfy him that he is laboring under serious misapprehension, we do observe this to be the fact. He has no constitutional right to a "direct jury trial." The defendant may lose his license or registration first and get whatever hearing he is ultimately entitled to afterward. This seems to be the true effect of the state procedure, if it be assumed, which we need not decide, that he is entitled to a jury trial on this issue. Such order of events is not unconstitutional. See Wall v. King, 1 Cir., 1953, 206 F.2d 878, 883, cert. denied 346 U.S. 915, 74 S.Ct. 275, 98 L.Ed. 411.

Affirmed.